Baldev SINGH, Petitioner,

v.

Alberto R. GONZALES,[1] United States
Attorney General, Respondent.

No. 03–4258.

United States Court of Appeals,
Second Circuit.

May 5, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Tatiana S. Aristova, Philadelphia, PA, for Petitioner.

Krishna R. Patel, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Sandra S. Glover, Assistant United States Attorney, on the brief), for Respondent.

Present: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition is GRANTED IN PART and DENIED IN PART, and that the case is REMANDED for further proceedings consistent with this order.

Petitioner Baldev Singh ("petitioner"), a citizen of India and a member of the Sikh faith, petitions for review of a January 8, 2003 order of the BIA that summarily affirmed a February 7, 2000 order of Immigration Judge ("IJ") Alan L. Page, denying petitioner's application for asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and further denying withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") and its implementing regulations, see 8 C.F.R. § 208.16. Petitioner also appeals the BIA's summary affirmance of the IJ's finding that petitioner submitted a frivolous application within the meaning of 8 U.S.C. § 1158(d)(6), and requests that this Court remand so that he can seek adjustment of status. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA issues a decision affirming, without opinion, the decision of the IJ, we review directly the decision of the IJ. See Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). We uphold an IJ's factual findings when they are supported by "substantial evidence." Id. at 306–07. Factual findings pertaining to credibility are entitled to "particular deference," and our review of those findings is "exceedingly narrow." Zhou Yun Zhang v. United States INS, 386 F.3d 66, 73, 74 (2d Cir.2004) (citation and internal quotation marks omitted).

■ After reciting a litany of points that led to his determination, the IJ found "that the ... [petitioner] is anything but a credible witness." In light of the various omissions and inconsistencies in petitioner's testimony, as well as his inability to provide meaningful explanations for them, we hold that substantial evidence supports the IJ's adverse credibility finding. Accordingly, we deny the petition for review with respect to the application for asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3)(A).

The IJ further concluded that petitioner had knowingly submitted a frivolous application within the meaning of 8 U.S.C. § 1158(d)(6). Section 1158(d)(6) and its implementing regulation provide that an alien who knowingly submits a frivolous asylum application and who has received

notice of the consequences will be permanently barred from receiving any relief under the immigration laws, with the exception of withholding of removal. *See* 8 U.S.C. § 1158(d); 8 C.F.R. § 208.20. An application is frivolous if the applicant has deliberately fabricated any of its material elements. *Id.* The regulation further provides that a finding of frivolousness "shall only be made if the [IJ or BIA] is satisfied that the applicant, during the course of the proceedings, . . . had sufficient opportunity to account for any discrepancies or implausible aspects of the claim ." *Id.*

Here, the IJ reasonably based the § 1158(d)(6) finding on his conclusion that petitioner had knowingly submitted an application containing false information. In accordance with the statute, the IJ warned petitioner in advance of the consequences of filing a frivolous application. Moreover, petitioner had sufficient opportunity during testimony to account for the inconsistencies. We therefore conclude that the IJ did not err in finding the petitioner's application frivolous under § 1158(d)(6).

Petitioner also contends that the IJ erred in denying withholding of removal under CAT. We agree and grant the petition for review with respect to the CAT claim.

In *Ramsameachire v. Ashcroft,* 357 F.3d 169 (2d Cir.2004), decided subsequent to the IJ and BIA decisions in the instant case, we held that "the [IJ's or] BIA's decision with respect to an alien's claims for asylum and withholding of removal pursuant to [8 U.S.C. §§ 1158 and 1231(b)(3)(A), respectively,] should never, in itself, be determinative of the alien's CAT claim." 357 F.3d at 184–85. This is because "[a] CAT claim focuses solely on the likelihood that the alien will be tortured if returned to his or her home country, regardless of the alien's subjective fears of persecution or his or her past experiences." *Id.* at 185. While inconsistencies in a claimant's testimony "may be relevant to the probability that he [or she] will be tortured . . .," objective evidence of current country conditions may establish, regardless of an adverse credibility finding, that the claimant is likely to be tortured if returned to the country of removal. *Id; see* 8 C.F.R. § 208.16(c)(3) (requiring the adjudicator of a CAT claim to consider, at a minimum, evidence of past torture inflicted upon the applicant, evidence that the applicant could evade torture by relocating to a different part of his or her country, evidence of human rights violations in the country of remand, and other relevant information regarding country conditions).

■ Here, the IJ erred by relying solely on the adverse credibility finding in denying the CAT claim, without weighing the documentary evidence, such as the country reports, that petitioner submitted with his application. The government suggests that a consideration of the documentary evidence would not have made a difference because that evidence does not support petitioner's claims. Regardless of whether the government is correct, we conclude that the IJ is better suited than this Court to make an initial determination of the relevant facts. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) ("A court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (citations and internal quotation marks

omitted)). Moreover, we note that a substantial amount of time has passed since the IJ's decision and the BIA's summary affirmance, and it is possible that country conditions have changed. *See Secaida–Rosales,* 331 F.3d at 312–13 (holding that because IJ had failed to consider certain evidence, and because a significant amount of time had passed since IJ's initial ruling, a remand was necessary to allow the IJ to consider, *inter alia,* current country conditions). Accordingly, we vacate the denial of CAT relief and remand to the BIA for reconsideration in light of current country conditions.[2]

Finally, we reject petitioner's request for a remand on the issue of adjustment of status. As we already held in a November 23, 2004 order, we lack jurisdiction to consider petitioner's request, because he did not file a petition for review with respect to the motion to reopen. In any event, the IJ's finding of frivolousness bars petitioner from receiving the requested relief. *See* 8 U.S.C. § 1158(d)(6).

For the foregoing reasons, the petition for review is GRANTED IN PART and DENIED IN PART, and the case is REMANDED for further proceedings consistent with this order.

---

**2.** The IJ's finding of frivolousness under 8 U.S.C. § 1158(d)(6) does not provide grounds for denying withholding of removal under CAT. *See* 8 C.F.R. § 208.20.